UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mayra Janeth C.-C., | No. 26-337 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Bondi, et al., | |
| Defendants. | |

This matter is before the Court on Petitioner Mayra C.-C.'s Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants her habeas petition.

## Background

Petitioner Mayra C.-C., a citizen of Ecuador, entered the United States on October 26, 2024. She has a pending asylum application, is participating in the ERO supervised release program, and has been wearing an ankle monitor and complying with other conditions since November.[2] She has no criminal history.

On January 15, 2026, Mayra C.-C. was arrested here in the District of Minnesota during her monthly check-in appointment with ICE. Respondents have offered no administrative warrant supporting her arrest, nor have they alleged that she violated the terms of her release order and conditions of supervision. Additionally, there is no indication that Petitioner has a criminal record that would trigger detention pursuant to 8 U.S.C. § 1226(c) or any other provision, nor that she is subject to a final removal order. She alleges

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by her first name and last initials or refers to him as Petitioner.

[2] This statement of facts is based on the averments contained in the Verified Habeas Petition. [ECF 1.] Respondents filed a timely Response to the Petition as Ordered by the Court, but do not dispute the facts in the petition. [ECF 5.] Therefore, the Court accepts the facts described in the Petition as true for the purposes of its analysis.

that Respondents are detaining her pursuant to 8 U.S.C. § 1225(b)(2), though that statutory provision does not apply to her.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have yet ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Mayra C.-C. or others who are similarly situated, and her mandatory detention under that provision is not supported by the law.

Although Mayra C.-C. has applied for asylum, that fact does not by itself trigger application of 8 U.S.C. § 1225(b)(2). As U.S. District Judge Tostrud recently noted in *Ahmed M. v. Bondi et. al.*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (Jan. 5,

    2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references, is sound, and the Court declines to find that Mayra C.-C.'s application for asylum somehow generated eligibility for mandatory detention under § 1225(b).

**Propriety of Immediate Release**

Petitioner Mayra C.-C. alleges that she should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting her recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Id.* Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite for even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and there were no allegations of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same).

Here, Mayra C.-C. specifically raised this issue in her Petition [ECF 1, ¶ 51], and Respondents did not contest the argument or provide contrary analysis regarding the appropriate remedy. Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of violation of Mayra C.-C.'s previous conditions of supervision, release is the correct remedy.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying

release or other relief on the basis that she is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. Such release shall be on the same terms and conditions that governed Mayra C.-C. through the original release order. Because her return to Minnesota if she was moved was previously ordered, the Court assumes that she will be released within the District.

4. Finally, the Court **ORDERS** Respondents to advise the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: January 18, 2026                        *s/Katherine M. Menendez*
                                                        Katherine M. Menendez
                                                        United States District Judge